UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN W. FRINK,            )<br>          Plaintiff,        )<br>                              )<br>vs.                          )<br>                              )<br>INDIANA CARPENTERS PENSION FUND, )<br>          Defendant.      ) | 1:08-cv-0757-LJM-WGH |

### ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on defendant's, Indiana Carpenters Pension Fund (the "Fund"), Motion for Summary Judgment (Dkt. No. 24) pursuant to Federal Rule of Civil Procedure 56 ("Rule 56"). Plaintiff, John W. Frink ("Frink"), filed suit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, alleging that the Fund wrongfully denied his claim for disability retirement benefits.

Frink is a member of the Fund's pension plan (the "Plan") and applied for disability retirement benefits under the Plan, claiming that he became disabled on April 15, 1998, as a result of a back injury. Dkt. No. 26-4 at 1, 7. As of May 21, 1999, the date of his application to the Fund, Frink had applied to the Social Security Administration ("SSA") for social security disability benefits, but the SSA had not yet determined whether Frink was disabled. Dkt. No. 26-4 at 17. On September 7, 1999, and again on November 30, 1999, the Fund tabled Frink's application due to "a lack of medical information to prove permanent and total disability." Dkt. No. 26-4 at 19-20.

In 2001, the SSA denied Frink's application for social security disability benefits. Dkt. No. 26-4 at 30. Frink did not appeal that decision, and he next applied for social security disability benefits in 2004. *Id.* In 2007, the SSA granted Frink's application for

social security disability benefits, finding that Frink was disabled as of November 19, 2003. *Id.* Still in 2007, Frink requested that the Fund reconsider his application for disability retirement benefits. *Id.* at 29. The Fund reconsidered Frink's application, but ultimately denied his application because Frink was not an "Active Participant" of the Plan on November 19, 2003.[1] *Id.* at 23.

The Fund argues that it reasonably interpreted the Plan to provide for the Fund's exclusive reliance on Frink's onset date of disability, as determined by the SSA, when determining the date upon which Frink "incur[red] a disability." *See* Dkt. No. 25 at 11 ("[T]he issue in Frink's case is not whether he was disabled[;] . . . [r]ather, the issue was and is *when* Frink first became permanently disabled . . . .") (emphasis in original). When, as in this case, the administrator for the employee benefits plan has the sole discretion to interpret and apply the plan, the Court reviews the administrator's interpretation for arbitrariness and caprice. *Marrs v. Motorola, Inc.*, 577 F.3d 783, 786 (7th Cir. 2009); Dkt. No. 26-2 at 23-24. Accordingly, "the administrator's decision will only be overturned if it is . . . unreasonable." *Carr v. Gates Health Care Plan*, 195 F.3d 292, 294 (7th Cir. 1999) (internal quotation marks omitted). The administrator, of course, "is not by virtue of such a grant of authority free to disregard unambiguous language in the plan[.]" *Marrs*, 577 F.3d at 786.

The plain language of the Plan essentially tracks the SSA's definition of the onset date of disability. *Compare* Dkt. No. 26-2 at 23-24 ("A Participant will incur a disability on the date he is unable to engage in any substantial gainful employment by reason of any

---

[1] Frink does not dispute that he failed to meet the Plan's definition of an "Active Participant" as of the date that the SSA determined he was disabled.

medically determinable physical or mental impairment . . . ."), *with* SSR 83-20 ("The onset date of disability is the first day an individual is disabled as defined in the [Social Security] Act . . . .", *and* 42 U.S.C. § 423(d)(1)(A) ("The term 'disability' means -- inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . ."). Stated otherwise, in essence, the Fund and the SSA apply the same definition to arrive at the date a Participant "incur[s] a disability," to use the Plan's terminology, or a claimant's "onset date of disability," to use the SSA's terminology. *See Tegtmeier v. Midwest Operating Eng'rs Pension Trust Fund*, 390 F.3d 1040, 1046 (7th Cir. 2004) ("Social Security decisions . . . are not dispositive[, ]except in those cases where a plan ties benefits to the Social Security decision . . . ."). The question for the Court is whether the Fund's interpretation of the Plan, under which the SSA's application of the definition for a claimant's "onset date of disability" will control with regard to the date a Participant "incur[s] a disability," is "downright unreasonable." *Butler v. Encyclopedia Brittanica, Inc.*, 41 F.3d 285, 291 (7th Cir. 1994).

      Frink argues that the Fund's interpretation is unreasonable. In support, he asserts that the only reason the SSA did not conclude in 2007 that his onset date of disability was on a date when he was still an "Active Participant" is because Frink failed to appeal the SSA's initial, 2001 decision that Frink was not disabled. Frink does not cite any authority or designate any evidence in support of his suggestion that a social security claimant's failure to appeal an unfavorable decision bars that claimant from later establishing, in a subsequent application for social security disability benefits, an onset date of disability that is prior to the date of the unfavorable decision. As a result, in the Court's opinion, Frink's argument is skeletal and undeveloped. District Courts in the Seventh Circuit have declined

to evaluate the merits of such arguments made on summary judgment, which essentially call upon the courts to do the lawyer's work. *See Rapier v. Capital One Auto Finance, Inc.*, No. 1:07-cv-0798, 2009 WL 48147, at *1, *7 (S.D. Ind. Jan. 6, 2009) (Young, J.) (granting defendant's motion for summary judgment on plaintiff's gender discrimination claim, where plaintiff did not respond to defendant's motion regarding that claim) (citing *Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 407-08 (7th Cir. 2007)); *Lee v. Aaron's Sales and Leasing*, No. 3:07-cv-418, 2009 WL 3111357, at *7-8 (N.D. Ind. Sep. 24, 2009) (denying defendant's motion for summary judgment, where defendants failed to isolate the claims upon which they sought summary judgment). Accordingly, the Court concludes that Frink has waived his opportunity to convince the Court that the Fund's interpretation of the Plan is unreasonable. *See Humphries*, 474 F.3d at 407-08 (affirming district court's decision that plaintiff waived his discrimination claim by failing to support it with more than a "skeletal argument"), *aff'd*, 553 U.S. 442 (2008).

For the foregoing reason, defendant's, Indiana Carpenters Pension Fund, Motion for Summary Judgment (Dkt. No. 24), is **GRANTED**. Judgment shall enter accordingly.

IT IS SO ORDERED THIS 12th day of July, 2010.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

Frederick W. Dennerline III
FILLENWARTH DENNERLINE GROTH & TOWE LLP
fdennerline@fdgtlaborlaw.com

Geoffrey S. Lohman
FILLENWARTH DENNERLINE GROTH & TOWE LLP
glohman@fdgtlaborlaw.com

John Downey Pierce
PIERCE PIERCE & STITES
attorneypierce1@yahoo.com